The United States Court of Appeals for the Ninth Circuit is now in session. Please be seated. Good afternoon everyone and welcome to the Ninth Circuit. We'll take the cases in the order on the day sheet. The first case for oral argument is Rivera Vega v. Garland. Counsel? May I begin? May it please the Court, my name is Megan Brewer and I represent Petitioner Jorge Rivera Vega with my co-counsel Stacy Tolchin. I'd like to reserve three minutes of my time for rebuttal. Okay, please watch the clock. Petitioner was unlawfully removed and the Court should order that he be returned to the United States for further proceedings. The reinstatement of removal order is premised on a USCIS decision that the government has now withdrawn as erroneous. At first glance this case may seem complex, but it boils down to this. When a non-citizen has filed an application for adjustment of status with a Form I-212 waiver, a reinstatement of removal order cannot lawfully be issued unless the applications have first been properly adjudicated and denied. The most important cases to look to are Perez-Gonzalez v. Ashcroft, Duran-Gonzalez v. DHS, and Morales-Izquierdo v. DHS. So there was a decision right before the reinstatement order, but your argument is that it was erroneous and somehow we have jurisdiction to review it. Am I understanding that correct? Yes, Your Honor. So the 2010 decision in Morales-Izquierdo establishes that USCIS's decision is reviewable by the Court on a petition for review of the reinstatement order because they are inextricably linked, so a petitioner cannot be granted adjustment of status. So can you explain to me how they're inextricably linked? I mean, so the adjustment of status application was denied by a separate agency, and even the BIA doesn't have jurisdiction to review that denial. And then separately there was a reinstatement of removal, which was after the denial of the adjustment of status. So I don't see any linkage at all. They seem to be totally separate. Well, this case, if you look at it procedurally, it's exactly the same as both Morales-Izquierdo and Perez-Gonzalez. So both of those petitioners had a previous removal and reentered the United States, then applied for adjustment of status. And I believe Perez-Gonzalez filed in 1912 and Morales-Izquierdo did not. And then both of them were subjected to reinstatement of removal after the denial of the applications. And in Perez-Gonzalez, the Court actually did review the denial of adjustment of status and vacated the reinstatement order. And what's the basis for that? Is there any statutory or regulatory basis that would give us jurisdiction? Under 1252d, we only have jurisdiction over final orders of removal. And this is a form of relief that's not even, in this case, was issued by a separate executive branch agency. Yes, that's all set forth in the 2010 decision in Morales-Izquierdo, and it talks about the zipper clause. So in Morales-Izquierdo, the procedural history was complicated. So he had actually challenged his denial of adjustment of status in district court, and then the – He was making his petition in district court, right? Right. So that the petition for review went up, and that was the en banc decision in 2007. But we don't have that procedural situation here. Yes, because that was the case that decided how all other cases should be done in this situation, which is that instead of going to district court, he should have challenged it in the petition for review. And that's actually what the court did was construe it as a petition for review and review the denial of adjustment of status. So that's what we're arguing that the court should do here. So was that correctly decided? Did that make any sense at all? Morales-Izquierdo? What? I think it makes sense. Otherwise, he would be able to challenge this in district court. I just want to get the site for you, the exact – it's 1252 D-9, I think, which is the consolidation of questions for judicial review. So that's what the court was relying on in Morales-Izquierdo. And so basically, it explains how they're inextricably linked, because somebody who has a reinstated removal order cannot be granted adjustment of status, but conversely, somebody who is granted adjustment of status cannot have their removal order reinstated. And the adjustment of status application is reviewed under the APA, but under Morales-Izquierdo, that has to be done on a petition for review if there's been a reinstatement of removal order. So what we're arguing is that the court should review the decisions of the USCIS, and if there is no lawful, valid denial of adjustment of status and I-212, then the reinstatement order must be vacated. So USCIS issued three decisions in this case. So your best argument for why that order was wrong, has to do with it being retroactively or not retroactively applicable. Is that right? No, Your Honor. We're not arguing that the reinstatement provision is not retroactively applicable to petitioners. So I know the government referenced that at AUSC Section 1231A-5, and I think Fernandez-Vargas does establish that that can be applied even to people like petitioner who last entered the United States before April 1, 1997, IRA's effective date. But I think what possibly has gotten confused is that petitioner is not subject to the inadmissibility ground in AUSC Section 1182A-9C, which does not apply to pre-April 1, 1997 entries. But I would say that our best argument as to why USCIS's 2019 decision is wrong is that USCIS withdrew it. But that was after the reinstatement order. So what difference does that make? Well, I think it's up to the court to decide whether or not something that happens subsequent to the reinstatement order can be reviewed. But if it's been vacated, USCIS has acknowledged that it's erroneous, and if that provides the foundation for the reinstatement order, then I think it inherently must be reviewed. They withdrew it, and then they re-entered it the same day, is that right? And they said there was a departure bar. It was like a very odd sort of, let's see, they administratively closed the reopened application. They said they lacked jurisdiction to decide his eligibility because he was in proceedings before an IJ. So they didn't grant it. They just closed it. Right. So when they withdrew their first denial, there were three reasons for the denial, and one of those was based on 1182A9C. And when they withdrew their denial, they admitted that one of the grounds that they had relied on was wrong, which was that there had been a reinstatement in 2010. And that was not correct. On the 1182A9? Yes. But if they had wanted to stand by that ground, then instead of reopening and withdrawing their decision, they should have just denied the motion to reconsider and said that, you know, we're wrong on one ground, but we still have two that are right. Instead, they withdrew the whole thing. So they're not actually. No, if that is retroactively applicable to Rivera-Vega, 1182A9C, under Sergio Vargas, and he didn't seek any relief and reliance on the law that existed before Rivera, and he wouldn't be entitled to adjustment of status, correct? Well, Your Honor, Fernandez-Vargas is about an entirely different statute. And I don't think the reasoning of it is analogous. Right. So just, I don't think this has been briefed, and I do think that under Chenery, USCIS has not stated that 1182A9C applies retroactively. That's contrary to their published guidance that's cited in the footnote 3 of Correa de Palacios. But just to reach that issue anyway, the difference between 1231A5 and 1182A9C is that, as the Court discussed in Fernandez-Vargas, the reinstatement does not impose additional liabilities for completed conduct because it does not attach immediately when the person reenters the country. It attaches when they're found present in the country by immigration officials who reinstate the final order. In contrast, 1182A9C attaches permanently at the moment the person reenters the country. In our case, the petitioner reentered the country in 1991. So he had no notice and no opportunity to correct his conduct. And that statute wasn't enacted until 9700. Correct, and that's why it doesn't apply. But he had the six months in Fernandez-Vargas, et cetera. Well, because just by departing the country, that doesn't cure the fact that that bar applies to him because it attached permanently at the moment he entered, if that were retroactively. If it was in existence, right, until 9700. If it were to be applied to him retroactively, then the moment that that bar was instigated was in 1991. That's the only answer that he has. You want to save your remaining seconds? Yes, Your Honor, I'll save the rest of my time. And we will give you a little more time. Okay, please return to the gavels, ma'am. May it please the Court, my name is Jacqueline Che and I represent the Attorney General of the United States. I ask this Court to come to the following two conclusions. One, Mr. Vega was properly removed based on DHS's reinstatement of his 1991 deportation order. And two, USCIS's withdrawal of its adjustment of denial and administrative closure does not make the reinstatement order proper. DHS's reinstatement of the 1991 deportation order was proper. DHS can lawfully reinstate remorse pre-dated IBRERA and remove a non-citizen under the order of removal at any time. And for entry pursuant to 1231-85. Well, how about if an adjustment of status application is pending? I think we said in Perez-Gonzalez and opposing counsels as we doubled down on that, Durand-Gonzalez, I think it was, it said if an adjustment of status application is pending, then you can't reinstate order of removal. Do you disagree with that? Well, Your Honor, here it wasn't pending at all. It was clearly denied at the time where the order was reinstated. And there was no, there was, I think in the record, indication that his attorney filed a motion to reopen. But that alone does not state his removal in any way. And DHS is still able to reinstate its removal order at that time. Can you look at whether the adjustment of status decision was erroneous? That's what opposing counsel is asking us to do. Did I look at it, Your Honor, or did you? Opposing counsel is asking us to look at the USCIS's decision back, I guess that was in April 2019, when they denied it and says all three grounds on which they denied it are erroneous. So actually, I don't know, it jumps back into beating because there was an error in that determination. And do we have authority to review whether the USCIS's denial of the adjustment of status application was erroneous? No, Your Honor. The government's position is that reinstatement orders in general are severely limited with the jurisdiction of this court. And that order is not inextricably linked to the USCIS order, which is a separate agency. And there was a totally different basis here, a lawful basis to reinstate the order at that time. I do, Your Honor, want to clarify something that was in our brief. In our brief in footnote four, we argued that Mr. Vega failed to show prejudice. I want to make clear that the government is no longer defending pursuant to 1182ACA9C. But remanding this case to fix any errors in the USCIS's decision would be futile here because of 1231A5. Once DHS reinstated that order of removal, he's no longer eligible for relief or adjustment of status, even if he could obtain an I-212 waiver. But we know he's entitled to review for withholding and CAT because the Supreme Court said withholding and we've said CAT. So there is some relief despite the plain language of 1231A5, right? Your Honor, I think the relief is different because it's in the context of reasonable fear proceedings. It's a different proceedings. And so he would be eligible at that point to basically comply with the regulation against CAT. They go through those streamlined proceedings. And in this case, we do recommend, in light of the subsequent decisions, that the agency would be able to have the opportunity to consider whether he needs a new reasonable fear review hearing, in light of Zunga and Ozuco Lopez. Because at the time, the agency was not given an opportunity to consider whether he warranted a new hearing. So, let me see if I understand your argument. Are you saying that regardless of what happened before the reinstatement order, once the reinstatement order is issued, then we don't have jurisdiction to review any application, getting his adjustment of status application or anything else that happened before the reinstatement order? Yes, Your Honor. But the government's argument is also that there is no jurisdiction for you to review USDAS's decisions before the reinstatement. But yes, once it has been reinstated, under 1231A5, he's not eligible for relief. So, Blessing Council was quoting Morales' Sierra to O.M. zipper clause, and I guess another case, I think it was Perez-Gonzalez, saying that yes, in fact, we do have the ability to review adjustment of status application errors in the adjudication of them. What's your response to that? This case is factually distinguishable from Morales. In that case, the petitioner was actually appearing to check on his adjustment of status when he was taken into custody, and then they denied it at the same time. They denied his adjustment of status application at the same time as he was issued his order to reinstate. Where here, at the time that the reinstatement occurred, there was absolutely his decision, it was USDAS's decision was clear that he had no pending relief at that time. Did the court there really rely on a temporal distinction? I mean, I know it happened basically at the same time in the other case, but was the reasoning really relying on a temporal distinction, or was it more that it's logically related? I think it's a little bit unclear, Your Honor. I agree, and I see where you're coming from. But I think if we look generally, Your Honor, the Supreme Court has made it pretty clear, and this court as well, that the jurisdiction for reinstatement or removal is extremely limited. Primarily, this court is only looking at the three questions that an immigration officer needs to go through, which were established here. He had no lawful status. He had a legal prior removal order at the time, and there was no legal status for him at that time. And that's when that officer kind of looked into that and did take his statements and kind of looked to see if there was anything in the legal status. And when he looked, he did his record checks, and he found that decision that it was denied. He also, even in this case, contacted his attorney and OCC to make that determination, and that's when the decision to restate occurred. Your Honor, did you not have any? Can you briefly address the right to counsel and reasonable fear of determination? Obviously, we limited that right, and Orozco Lopez recognized it, but it was very limited. So in a case where, like in this case here, where the petitioner had counsel, but, you know, it seems like counsel just didn't show up due to a mistake, does the IJ, what's the IJ's duty? Does the IJ have to do anything at that point? I guess counsel already had notice of the right to counsel because the petitioner had counsel. I mean, what's the duty of the IJ in that circumstance? Well, yeah. Your Honor, I mean, I think the record here is a little bit ambiguous with his request for counsel and whether he showed up or not. He did request for counsel on the record. It's possible that it could be arguably a waiver of counsel. But at the time, it was pretty clear that there was no right to counsel and reasonable fear of appearance for reinstatement permissions, and that's subsequent to the IJ's decision in this case. We had this decision, as well as the Orozco, which said that potentially that timeline, that for reasonable fear proceedings need to be done pretty quickly, that can cabin the right to counsel in those circumstances. So I think, Your Honor, just the benefit of making sure it's statutory, a right to counsel, and that the agency had that opportunity to consider that is why we chose to remand this case beforehand, Your Honor. And then since we've remanded this case, we've re-remanded this case, as well. Any further questions, Your Honors? All right. We've briefly concluded. Your Honor, we ask this Court to uphold the reinstatement order and remand the case to the agency to consider whether Mr. Omega should be provided a new reasonable fear hearing. Thank you, Your Honors. We'll give you a minute for rebuttal. Thank you, Your Honors. So I'd just like to say that the government now concedes that 1182A9C does not apply to petitioners. So what they're basically saying is that they can erroneously deny his adjustment of status, reinstate removal, and physically remove him, and that he has no recourse to challenge any of that. And that is just indefensible. Also, this Court is bound by Correo de Palacios, which acknowledges that the USCIS 1997 memo does not apply 1182A9C retroactively, and USCIS' decision was not consistent with their own policy. And also, one last point I would like to make is that, unlike the petitioners in Morales-Escuero and Perez-Gonzalez, the petitioner's case is even stronger because he had an approved I-212 at the time that his removal was reinstated. So unless the Court has any other questions, this is all to conclude. Thank you. I thank both parties for their argument. The case of Rivera-Vega versus Garland is submitted.
judges: IKUTA, LEE, FORREST